ELIZABETH PARKER KELLEY, PLAINTIFF-RESPONDENT,
v. CHARLES L. WALKER, DEFENDANT-APPELLANT.

Decided September 27, 1929.

Before Justices Trenchard, Kalisch and Lloyd.

For the appellant, *William S. Darnell.*

For the respondent, *McCarthy & McTague* (*Frank T. McCarthy,* of counsel).

Per Curiam.

The plaintiff below brought her action against the defendant below to recover compensation for injuries sustained by her as the result of an outrageous assault and battery alleged to have been committed upon her. There was a verdict in her favor for $3,500, and judgment having been entered thereon, the defendant appeals to this court.

The case is purely a factual one. The first three grounds of appeal are contrary to the well-settled legal rule, that a ground of appeal must point out with precision the legal error relied on as a ground for reversal, and in that respect each of the grounds of appeal fails to set out the testimony which was offered by defendant, and alleged to have been illegally rejected by the trial judge.

The three grounds of appeal relied upon are simply criticisms of the judicial action of the trial judge, and present no specific allegation of error committed by the trial judge, subject to judicial review.

The fourth ground of appeal is that the trial judge, under request number one, refused to charge the jury as follows: "The defendant, being in lawful possession of the premises,

had a legal right to prevent the entry of plaintiff therein using sufficient force and no more than was necessary in so doing. It is for you to determine whether the force used was excessive."

There is nothing in the record which shows what that request was which was presented to the judge, except the statement in the charge to this effect: "The first request asked for by defendant's attorney I will deny."

How is the reviewing court to know whether the request printed under the first ground of appeal is the request which the court was asked to charge, and refused to do so?

The request made is not printed in the record, and for the first time appears in the notice of appeal. We think, however, the request was properly refused. The request assumed that the defendant was in lawful possession of the premises, and had a legal right to prevent the entry of the plaintiff therein, &c.

Whether or not the defendant was in lawful possession of the premises at the time of the alleged assault was not, under the circumstances of the case, as developed by the testimony, a pure question of law, but it involved the consideration of facts which were for the jury's decision. The trial judge, therefore, could not properly say, without encroaching upon the prerogative of the jury, that the defendant was in lawful possession.

Request number two, which the trial judge also declined to charge, like request number one, appears for the first time in the grounds of appeal. There again the request refused to be charged by the trial judge assumes that the resistance by the defendant to prevent the entry of the plaintiff was not an assault, or assault and battery, &c. This was the very question of fact which was in dispute, and was for the jury to determine under the evidence of the case, and not the court. What has been said regarding requests numbers one and two applies with equal force to request number three.

The other grounds of appeal are not covered by any exceptions, and therefore are not arguable.

Judgment is affirmed, with costs.